# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

KORY JOSEPH GODUTO,
PASQUALE PETER GODUTO,
MARK JAMES O'BRIEN, LORI
RENE ANDERSON, PHILLIP
HOBBS, RYAN PATRICK
TRENTO, and JUSTIN HOWARD,

Defendants.

: CRIMINAL ACTION FILE
: NO. 1:11-CR-230-JEC-GGB

## ORDER and FINAL REPORT AND RECOMMENDATION

Defendants are charged with conspiring to possess with intent to distribute oxycodone, a Schedule II controlled substance. Defendants Kory Joseph Goduto, Lori Rene Anderson, Ryan Patrick Trento and Phillip Hobbs filed no motions in this case.

I authorized funds for a mental examination on Defendant Hobbs, and one was conducted on October 4, 2011. Defendant's counsel has not shared the doctor's report with the court, but has advised the court that he has no reason to believe that Defendant is mentally incompetent. Defendant has previously entered a plea of guilty. He is certified ready for sentencing.

**I. Justin Howard's Motion for Leave to File Bill of Particulars**

Defendant Justin Howard filed a Motion for Leave to File Bill of Particulars [Doc. 126] in which he requests the government to describe the conduct and overt acts in which Howard engaged and the dates of his overt acts.

"The purpose of a bill of particulars is to inform the defendant of the charge[s] against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. See United States v. Perez, 489 F.2d 51, 70-71 (5th Cir. 1973).

The information that Howard requests is beyond the scope of a bill of particulars. Howard should be able to prepare his defense, minimize surprise at trial and plead double jeopardy in the event of a later prosecution for the same offense based on the indictment, other hearings held in this case, and the discovery materials provided to him by the government. For these reasons, Howard's Motion for Leave to File Bill of Particulars [Doc. 126] is **DENIED**.

**II. Pasquale Peter Goduto's Motions**

　　A. Motion to Suppress Identification Testimony

Pasquale Peter Goduto moves to suppress identification testimony made by a pharmacy employee from a photographic lineup. A copy of the photographic lineup is attached to Defendant's Motion [Doc. 151] as Exhibit "A".

In order to successfully challenge an allegedly defective photo spread, the defendant must show that the photo spread from which the witnesses' initial identification was made is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967 (1968).

This determination involves a two-step process. The first question is whether the photo spread is impermissibly suggestive. "The crucial test of suggestiveness is . . . whether it can be said that the picture selected would inevitably have been selected whether or not the individual pictured was guilty or innocent." Cikora v. Wainwright, 661 F. Supp. 813, 819 (S.D. Fla. 1987), aff'd sub nom. Cikora v. Dugger, 840 F.2d 893 (11th Cir. 1988). If the photo spread is determined not to be impermissibly suggestive, there is no need to proceed to the second part of the analysis, and the inquiry ends. Cikora v. Dugger, 840 F.2d at 895.

The defendant alleges that there was a "glaring lack of commonality in the photographs." The court disagrees. Each of the photographs depicts a head shot of white male who appears to be over the age of 45. The court does not know which one

is the Defendant.  As each person and photograph is unique, one can always find in an individual's photograph a distinctive feature not present in the other photographs.  There is no indication that the identification procedure was in any way suggestive.

For these reasons, the undersigned **RECOMMENDS** that defendant's Motion to Suppress Identification Testimony [Doc. 151] be **DENIED** without an evidentiary hearing.

B. <u>Motion to Sever</u>

Pasquale Peter Goduto moves to sever his case from that of his co-defendants on the ground that his participation in the charged conduct was minimal compared to that of his co-defendants and that there will be an unfair spillover effect from the evidence against the other defendants.

Defendant does not argue that he is improperly charged together in the same indictment with the other defendants.  See Fed. R. Crim. P. 8(b).  Rather, he argues that his case should be severed pursuant to Fed. R. Crim. P. 14 which allows relief from prejudicial joinder in the discretion of the court.

The defendant bears a heavy burden of demonstrating that "a joint trial will result in specific and compelling prejudice to the conduct of his defense."  <u>United States v. Schlei</u>, 122 F.3d 944, 984 (11th Cir. 1997); <u>United States v. Kabbaby</u>, 672 F.2d 857, 861 (11th Cir. 1982).  "The test of compelling prejudice is whether under

all the circumstances of the particular case as a practical matter it is within the capacity of the jury to follow the admonitory instructions and accordingly to collate and appraise the independent evidence, statements and conduct." Kabbaby, 672 F.2d at 861.

A disparity in the evidence admissible against one defendant as compared to his co-defendant is not a sufficient basis for a severance. Schlei, 122 F.3d at 984. In this case, the defendants are charged together in one conspiracy count. There is no reason to believe that the trial jurors will not be able to follow the trial judge's instructions and appraise the independent evidence against each defendant.

For these reasons, I **RECOMMEND** that Pasquale Peter Goduto's Motion to Sever [Doc. 146] be **DENIED**.

### III. Defendant O'Brien's Motion to Suppress

Defendant O'Brien had an evidentiary hearing on his motion to suppress; however he has filed a motion to withdraw the motion to suppress. Therefore, Defendant O'Brien's Motion Withdraw his Motion to Suppress [Doc. 213] is **GRANTED**, and his Motion to Suppress Seized Evidence [Doc. 152] is deemed **WITHDRAWN**.

### IV. Conclusion

Justin Howard's Motion for Leave to File Bill of Particulars [Doc. 126] is **DENIED**.

**I RECOMMEND** that defendant Pasquale Peter Goduto's Motion Suppress Identification Testimony [Doc. 151] and Motion to Sever [Doc. 146] be **DENIED.** His Motion for Extra Time to File Evidentiary Motions [Doc. 115] is **DENIED AS MOOT** because the court has considered all of his motions timely filed**.**

Defendant O'Brien's Motion to Withdraw his Motion to Suppress [Doc. 213] is **GRANTED**, and his Motion to Suppress Seized Evidence [Doc. 152] is deemed **WITHDRAWN.**

There are no other pending matters before the Magistrate Judge as to these defendants, and the undersigned is aware of no problems relating to the scheduling of further proceedings by the District Court. IT IS THEREFORE ORDERED and ADJUDGED that this action be, and the same is hereby, declared Ready For Trial and/or sentencing.

**IT IS SO ORDERED** and **RECOMMENDED** this the 29th of November, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE